Weygandt, C. J.
 

 The four alleged errors of which the plaintiff complains are (1) the refusal of the trial court to give certain preargument requests for written instructions to the jury, (2) the court’s charge on the subject of the weight of the evidence, (3) charging
 
 *54
 
 contributory and sole negligence as issues, and (4) overruling the plaintiff’s motion for a new trial on the ground of newly discovered evidence.
 

 At the conclusion of all the evidence the plaintiff presented six written instructions and requested the trial court to give them to the jury before argument. The court stated that the entire request was refused on the ground that it was not seasonably made inasmuch as the instructions were too numerous to be given proper consideration before the commencement of the argument. The defendant contends not only that the request was made unseasonably but that the instructions themselves are improper. The plaintiff now concedes that it would have been erroneous for the court to have given the fourth instruction, but insists that the others were correct and presented within due time as provided by subsection 5 of Section 11420-1, General Code. The instructions the plaintiff claims to be correct read as follows:
 

 Number 1.
 

 “It is the law of the state of Ohio, in full force and effect at the time of the accident, as follows:
 

 “
 
 ‘A
 
 vehicle meeting another vehicle approaching from the opposite direction shall pass to the right. ’ “If you find, by the greater weight of the evidence, that the defendant failed to obey that law and such failure acted as a proximate cause to causing plaintiff’s injuries, then I say to you that the defendant was guilty of negligence as a matter of law and that your verdict should be for the plaintiff. ”
 

 Number 2.
 

 “It is the law of the state of Ohio, in full force and effect at the time this accident happened, as follows:
 

 “ ‘A
 
 vehicle overtaking another vehicle shall signal to the vehicle to be overtaken and such vehicle shall immediately turn to the right to give the overtaking vehicle room to pass.’
 

 “If you find, by the greater weight of the evidence,
 
 *55
 
 that the defendant failed to obey that law, and such failure acted as a proximate cause to causing plaintiff’s injury, then I say to you the defendant was guilty of negligence as a matter of law and that your verdict should be for the plaintiff. ’ ’
 

 Number 3.
 

 “It is the law of the state of Ohio, in full force and effect at the time this accident happened, as follows:
 

 “ ‘Drivers of vehicles before turning, stopping, or changing their course, shall make sure such movement can be made in safety and shall cause signals to be made of their intention in a way visible outside the vehicle.’
 

 ‘ ‘ If you find, by the greater weight of the evidence, that the defendant failed to obey that law, and such failure acted as a proximate cause to causing plaintiff’s injury, then I say to you the defendant was guilty of negligence as a matter of law and that your verdict should be for the plaintiff.”
 

 Number 5.
 

 “If, under the law and the evidence you find in favor of the plaintiff, Jennie Sheen, then it is your legal duty to award her money by way of damages. In arriving at the amount of money to be awarded her by way of damages, it is your legal duty to take into consideration what the evidence, by its greater weight, shows upon the following:
 

 “First: The pain and suffering of body and mind she has suffered from the day of the accident to the present time as a proximate result of the injuries she sustained on said date.
 

 ‘ ‘ Second: The pain and suffering of body and mind, if any, the proof shows, with reasonable certainty, she will suffer in the future, which pain and suffering of body and mind was and is proximately produced by reason of said accident.
 

 “It is your legal duty to take into consideration all the evidence on these subjects — her condition of health
 
 *56
 
 before sh$ was injured, her condition of health after she was injured.
 

 “It is your legal duty to take into consideration all the evidence on these subjects and from it all give the plaintiff, Jennie Sheen, fair and whole compensation.”
 

 Number 6.
 

 “Nine or more of your number may find in favor of either party. If you find in favor of the plaintiff, Jennie Sheen, then nine or more of your number may assess the amount of money to be awarded to her by way of damages.”
 

 Instructions 1, 2 and 3 make no reference to contributory negligence and are therefore incomplete if this became an issue in the case. This phase of the matter will be discussed later. Furthermore the rule incorporated in instruction Number 2 with reference to one motor vehicle overtaking another is inapplicable to the situation here involved, inasmuch as these automobiles were traveling in
 
 opposite
 
 directions.
 

 As pointed out by the defendant and by the Court of Appeals, instruction Number 5 omits the matter of liability and also leaves something to be desired as to clarity.
 

 Instruction Number 6 is a correct statement of the law but relates to no issue in the case.
 

 This court is therefore of the opinion that the substance of each instruction is such as not to require the trial court to grant the plaintiff’s request.
 

 The second complaint of the plaintiff relates to the use of the word “convincing” in the following part of the general charge as to the weight of the evidence:
 

 “Now, the burden of proof in this type of case is upon the plaintiff to make out her case by the preponderance of the evidence, that is, by the greater weight of the evidence, and what we mean by the term ‘greater weight of the evidence’ is by evidence which is more convincing and has more weight in your minds in comparison to all the other evidence offered to the
 
 *57
 
 contrary. The greater weight of the evidence does not necessarily mean the greater number of witnesses on one side or the other. It is sometimes called the greater weight of the probabilities in the case.”
 

 While the use of the word “convincing” is undesirable, nevertheless the substance of the entire statement is such as not to be misleading.
 

 The third complaint of the plaintiff is that the trial court charged on the subjects of sole negligence and contributory negligence. Both were pleaded in the answer and denied in the reply. Under the evidence the court very properly explained to the jury that the plaintiff could not recover from the defendant if her injuries were proximately caused solely by the negligence of her son-in-law, the driver of the automobile in which she was riding.
 

 The court was likewise correct in charging upon the subject of contributory negligence. It is conceded that the plaintiff was riding in the same seat with her daughter and son-in-law, but she insists that the mere presence of three people in the front seat of an automobile is no evidence of negligence. This question caused some difficulty in the courts below, and it is the point of conflict upon which the case was certified to this court. In the absence of statute or ordinance, a reasonable rule for such a situation should require an examination of the particular circumstances involved. If the seat were of unusual width, or if some of the people were children or adults of less than normal size, this would seem to furnish no basis for a charge on contributory negligence. However, there is no evidence in this case to indicate anything in this respect other than an ordinary automobile seat and three adults of normal size. Therefore the trial court properly considered the situation as one for submission to the jury on the questions of contributory negligence and proximate cause.
 

 The fourth and final complaint of the plaintiff re
 
 *58
 
 lates to the overruling of plaintiff’s motion for a new-trial on the ground of newly discovered evidence. With her motion the plaintiff presented two affidavits by which it was sought to impeach the testimony of one of the defendant’s eyewitnesses by showing that he had committed perjury. The statements of the two affiants were to the effect that this man was not in position to see the collision. In a third affidavit a member of counsel for plaintiff stated that although he had previously interviewed one of the affiants, he did not subpoena either one for the trial for the reason that he was told that none of them knew anything about the occurrence. Counsel further states that he was taken by surprise, and then asked the court for an opportunity to subpoena the two affiants, but this request was refused. A study of these affidavits discloses a situation far short of the well-settled requirements for the granting of such a motion for new trial that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence. 30 Ohio Jurisprudence, 75.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 WiTitiTAMS, Jones, Matthias, Day and Zimmerman, JJ., concur.
 

 Stephenson, J., concurs in the syllabus but not in the judgment,