**FERN SHOE COMPANY, a Copartnership, etc., v. JOYCE, Inc., a Corporation.**

**No. 9657.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 8, 1940.

Harris, Kiech, Foster & Harris, of Los Angeles, Cal., for appellants.

Herbert A. Huebner and Kelly L. Taulbee, both of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

PER CURIAM.

Pursuant to stipulation of counsel for respective parties, ordered decree filed and entered herein exonerating bonds, and remanding cause, 32 F.Supp. 401, to District Court for entry of stipulated final decree, and that the mandate of this court in this cause issue forthwith.

**The GASIFIER MANUFACTURING COMPANY, a Corporation, Appellant, v. FORD MOTOR COMPANY, a Corporation.**

**No. 11795.**

Circuit Court of Appeals, Eighth Circuit.

Dec. 2, 1940.

Jesse L. England and Orla M. Hill, both of Clayton, Mo., and Robert Vaughan, of Kansas City, Mo., for appellant.

Wm. M. Fitch and Malcolm I. Frank, both of St. Louis, Mo., I. Joseph Farley, of Detroit, Mich., and Harry W. Lindsey, Jr., of Chicago, Ill., for appellee.

PER CURIAM.

Appeal from District Court, 1 F.R.D. 10, dismissed at costs of appellant, on motion of counsel for appellant in open Court.

**Jeanne McCRATE, Appellant, v. MORGAN PACKING COMPANY et al., Appellees.**

**No. 8407.**

Circuit Court of Appeals, Sixth Circuit.

Dec. 9, 1940.

Rehearing Granted Jan. 15, 1941.

For opinion on rehearing, see 117 F.2d 702.

See, also, 26 F.Supp. 812.

Fraser, Effler, Shumaker & Winn, of Toledo, Ohio, and Knepper, White & Dempsey, of Columbus, Ohio, for appellant.

Cable & Cable, of Lima, Ohio, for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

This cause came on to be heard upon the record and briefs, and oral argument of counsel; and it appearing to the court that while no evidence of appellant's contributory negligence was presented, and therefore the District Court erred in charging the jury upon the question (Sheen v. Kubiac, 131 Ohio St. 52, 1 N.E.2d 943; Cleveland Ry. Co. v. Heller, 15 Ohio App. 346), the error was not prejudicial, for the evidence is both substantial and persuasive to sustain a finding by the jury that the proximate cause of the accident was the sole negligence of the driver of the automobile in which appellant was riding as a guest passenger. It is ordered, adjudged and decreed that the judgment of the District Court be, and it hereby is, affirmed.