KNOX, APPELLEE, *v.* KNOX, APPELLANT.

(No. 6778 — Decided
March 14, 1986.)

*Samuel J. Georges,* for appellee.
*Jack A. Blakeslee,* for appellant.

MILLIGAN, J. This is a case of unconscionable delay in deciding a contested divorce. The case was heard June 20, 1984, in the Stark County Court of Common Pleas, Family Court Division. The trial court, some fourteen months later, filed its judgment on August 22, 1985. Findings of fact and conclusions of law were filed on August 7, 1985.

During this fourteen-month interval, plaintiff-appellee, Daina M. Knox, secured employment with the Ohio Automobile Club as a travel agent (specifically, on February 18, 1985). This delay is in substantial derogation of the directory provisions of Ohio law.

R.C. 2701.02 provides:

"When submitted to a court on motion, demurrer, or motion for new trial, or when submitted to a court on appeal on questions of law or on final trial on the issues joined, a cause begun in a court of record shall be determined and adjudicated within thirty days after such submission.

"This section applies to causes sent to a referee or special master, and to motions affecting the confirmation, modification, or vacation of a report thereof. This section does not affect, alter, or change the rules of the supreme court."

On September 5, 1985, appellant, William J. Knox, moved for a new trial on the issue of periodic sustenance alimony on grounds of newly discovered evidence. The trial court overruled the motion. Appellant assigns this error:

"The trial court erred to the prejudice of appellant by failing to set aside the judgment and final order entered in the case *sub judice* on August 22, 1985, and [by] overruling his motion for a new trial on the issue of sustenance alimony."

On August 1, 1985, the trial court awarded appellee sustenance alimony based on her annual gross earnings of $5,000. Evidence of these earnings was introduced at the divorce trial. On February 18, 1985, appellee obtained employment with the Ohio Automobile Club as a travel agent. From the date of her employment until September 23, 1985, she had gross earnings of $7,259.30. Appellant asserts that this information constitutes newly discovered evidence, warranting the granting of a new trial on the issue of sustenance alimony.

A new trial may be granted on grounds of "[n]ewly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial." Civ. R. 59(A)(8). The trial court's ruling on a motion for a new trial

will be reversed only upon a showing of abuse of discretion. *Jenkins* v. *Krieger* (1981), 67 Ohio St. 2d 314, 320 [21 O.O.3d 198], certiorari denied (1981), 454 U.S. 1124; *Kapcsos* v. *Hammond* (1983), 13 Ohio App. 3d 140, 142; *Rouse* v. *Riverside Methodist Hospital* (1983), 9 Ohio App. 3d 206, 209.

An abuse of discretion in this context " 'implies an unreasonable, arbitrary or unconscionable attitude upon the part of the court.' " *Verbon* v. *Pennese* (1982), 7 Ohio App. 3d 182, 184, quoting *Poske* v. *Mergl* (1959), 169 Ohio St. 70, 75 [8 O.O.2d 36]. The trial court must apply the correct standard in ruling on a motion for a new trial based on newly discovered evidence to stay within the scope of its discretion.

"To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence." *Sheen* v. *Kubiac* (1936), 131 Ohio St. 52 [5 O.O. 365] paragraph three of the syllabus. See, also, *Wagner* v. *Smith* (1982), 8 Ohio App. 3d 90, 95.

While enormous deference is given to the trial court when it grants a new trial, the reviewing court circumscribes the latitude given to the trial court when denying a new trial motion. See Friedenthal, Kane & Miller, Civil Procedure (1985) 552, 559, Section 12.4. Thus, the trial court must fully satisfy the *Sheen* standard to deny properly a new trial motion.

In applying the *Sheen* standard, we find:

(1) the new evidence — appellee's employment and increased earnings — will probably change the result reached at trial, *i.e.*, a different amount of sustenance alimony will be awarded to appellee;

(2) the new evidence was discovered since the trial;

(3) the new evidence could not have been discovered before or during trial since it did not come into existence until months after the trial;

(4) the new evidence is material to the issue of sustenance alimony, per R.C. 3105.18(B);

(5) the new evidence is not merely cumulative to former evidence since it is different in nature from that offered at trial; and

(6) the new evidence does not impeach or contradict the former evidence.

We find that the newly discovered evidence offered by appellant fully satisfies the *Sheen* standard. Therefore, appellant's motion for a new trial should have been granted.

Two additional factors impel this court to reverse the trial court's judgment: the impact of delay and the unavailability of future modification of the alimony award.

First, fourteen months elapsed from the date of trial to the date of judgment. During such an extended period of time, the circumstances and environment of the parties may change radically. A decree not reflecting such changes may prejudice the parties, yielding an inequitable result. It happened here. The trial court has broad discretion in determining an equitable property division, but that discretion, considering the totality of the circumstances, cannot be abused. *Briganti* v. *Briganti* (1984), 9 Ohio St. 3d 220, 222; *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 218-220. Failing to consider the relevant factors prescribed in R.C. 3105.18 is such an abuse of discretion. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355-356 [20 O.O.3d 318].

Second, the normal avenue of relief from a change in circumstances — a modification of the alimony award — is foreclosed to appellant. When the maximum amount of agreed alimony ordered to be paid to a spouse for sustenance over a specified term of years is ascertainable, the trial court which entered such order is without jurisdiction to modify the order, absent an express reservation of jurisdiction to modify. *Colizoli* v. *Colizoli* (1984), 15 Ohio St. 3d 333, 336. The sustenance alimony ordered by the trial court in the case *sub judice* was $300 per month for a period of eighteen months beginning August 1, 1985, an ascertainable amount over a specified term. The trial court, furthermore, did not retain jurisdiction to modify. Thus, appellant is precluded from seeking future modification orders with regard to sustenance alimony.

Appellant is prejudiced by a change in circumstances material to the award of alimony not considered by the trial court. The avenue of modification is foreclosed to appellant, and he must live with a "stale" judgment which does not reflect the relevant and material change in circumstances.

We find such a result manifestly unjust, and it is an abuse of discretion for the trial court to deny a motion for a new trial on newly discovered evidence under these circumstances.

The delay between trial and decision raises haunting *res judicata* questions: *e.g.,* Does modification evidence apply from the date of trial or judgment?

Finally, a party who has submitted his case to the court should not be required to sue the judge in mandamus in order to force a decision. Cf. *State, ex rel. Puskac,* v. *Arbaugh* (Mar. 11, 1986), Richland App. No. 2370, unreported, and *State, ex rel. Mack,* v. *Arbaugh* (Mar. 11, 1986), Richland App. No. 2371, unreported. Trial judges should render their decisions in a timely fashion. See R.C. 2701.02.

For the foregoing reasons, the assignment of error is sustained and the judgment of the Court of Common Pleas of Stark County, Family Court Division, is reversed. This case is remanded to that court for a new trial on the issue of sustenance alimony.

*Judgment reversed
and cause remanded.*

PUTMAN, P.J., and HOFFMAN, J., concur.