MARKSBURY, APPELLEE, *v.* MARKSBURY, APPELLANT.

(No. E-88-24—Decided December 16, 1988.)

*Robert M. Reno,* for appellee.
*Phillip M. White, Jr.,* for appellant.

*Per Curiam.* This cause is before the court on appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, granting plaintiff-appellee Robert A. Marksbury a new trial on the issue of sustenance alimony based on newly discovered evidence, pursuant to Civ. R. 59(A)(8).

Defendant-appellant Carol E. Marksbury timely appealed asserting as assignments of error:

"1. The trial court abused its discretion in granting a new trial on the question of alimony based upon newly discovered evidence pursuant to Civ. R. 59(A)(8).

"2. The trial court did not reserve jurisdiction to modify alimony since the final divorce judgment entry

specifically ordered alimony to be 'non-modifiable.' "

Hearings for the divorce action were held May 15, 1986, August 18, 1986, and September 14, 1986. The matter was then taken under advisement. On May 12, 1987, the final divorce decree was entered. A provision of this decree stated: "* * * Said payments are sustenance alimony and shall be non-modifiable, except to the extent the same shall terminate earlier upon the wife's death." Appellee filed a motion for a new trial pursuant to Civ. R. 59 and for relief from judgment pursuant to Civ. R. 60 on May 15, 1987, alleging that he had sustained physical injuries rendering him incapable of working. These injuries were sustained on March 2, 1987 before the May 12, 1987 divorce decree was entered, while appellee was working as a bricklayer. On April 29, 1988, the court granted a new trial on the issue of sustenance alimony, and cited as authority the case of *Knox* v. *Knox* (1986), 26 Ohio App. 3d 17, 26 OBR 186, 498 N.E. 2d 236.

The situation in *Knox* is significantly similar to the situation here. In *Knox*, the final divorce hearing was held June 20, 1984, with the final divorce decree being entered approximately fourteen months later on August 22, 1985. The award of sustenance alimony was non-modifiable. On September 5, 1985, appellant therein filed a motion for a new trial on the issue of periodic sustenance alimony based on newly discovered evidence pursuant to Civ. R. 59(A)(8). The newly discovered evidence was that his estranged wife had obtained employment on February 18, 1985, with earnings substantially more than her earnings upon which the award of sustenance alimony was based. The trial court denied the motion. The court of appeals reversed the trial court, holding:

"In a contested divorce proceeding, it is an abuse of discretion for the trial court to deny a motion for a new trial under Civ. R. 59(A)(8) when the basis for the motion is a change in circumstances of the plaintiff wife occurring after the trial but before the entry of judgment, some fourteen months later." *Knox, supra,* at paragraph one of the syllabus.

The court went through the factors for granting a new trial enumerated in *Sheen* v. *Kubiac* (1936), 131 Ohio St. 52, 5 O.O. 365, 1 N.E. 2d 943, paragraph three of the syllabus, and held that these factors had been met.

The *Sheen* court held:

"To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence." *Id.* See, also, *Wagner* v. *Smith* (1982), 8 Ohio App. 3d 90, 95, 8 OBR 124, 129, 456 N.E. 2d 523, 528.

Applying the *Sheen* standard, we find that the newly discovered evidence fully satisfies the *Sheen* standard, in that:

(1) the new evidence — appellee's physical injuries which impair his earning capacity — will probably change the result reached at trial, *i.e.,* a different amount of sustenance alimony will be awarded to appellant;

(2) the new evidence was discovered since the trial;

(3) the new evidence could not have been discovered before or during the trial since it came into existence months after the trial;

(4) the new evidence is material

to the issue of sustenance alimony, per R.C. 3105.18(B);

(5)   the new evidence is not merely cumulative to former evidence, it being different in nature than that offered at trial; and

(6)   the new evidence does not impeach or contradict the former evidence.

Appellant correctly states in her second assignment of error that the award of sustenance alimony is non-modifiable. However, the appellant in *Knox* was also precluded from seeking future modification orders with regard to sustenance alimony. The court held that it would be manifestly unjust where appellant's avenue of modification is foreclosed and appellant is prejudiced by a change in circumstances material to the award of alimony and not considered by the trial court, to deny his motion for a new trial. *Knox, supra,* at 20, 26 OBR at 188, 498 N.E. 2d at 239.

We agree. We find no error in the court's granting a new trial.

Accordingly, both of appellant's assignments of error are found not well-taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. This case is remanded to said court for further proceedings not inconsistent with this decision. Pursuant to App. R. 24, it is ordered that appellant pay the court costs of this appeal.

*Judgment accordingly.*

HANDWORK, P.J., GLASSER and FRANKLIN, JJ., concur.

ROBERT V. FRANKLIN, J., retired, of the Lucas County Court of Common Pleas, sitting by assignment.