GULLING, Appellant,

v.

GULLING, Appellee. ■

[Cite as *Gulling v. Gulling* (1990), 70 Ohio App.3d 410.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004786.

Decided Nov. 21, 1990.

*Timothy T. Smith,* for appellant.
*Joseph G. Stafford,* for appellee.

REECE, Presiding Judge.

This appeal arises out of the common pleas court's entry of judgment of divorce incorporating a settlement agreement over one party's objections. We affirm.

Appellant, William P. Gulling, Jr., filed a complaint for divorce on August 4, 1988. After a number of months, William was able to reach a settlement agreement with appellee, Linda S. Gulling. The parties appeared in court on July 25, 1989 and the proposal was read into the record. Both parties confirmed under oath that they understood the agreement, had discussed it with their respective attorneys, and would abide by its terms.

Linda's counsel prepared a judgment entry reflecting the provisions of the agreement. After several weeks had passed and William had done nothing, a motion was filed to enforce the settlement. A hearing was conducted on October 4, 1989 for which William secured new counsel. Over the next four

months, no less than four additional hearings were conducted. William's counsel continually promised to produce an entry but repeatedly failed to do so.

At the final hearing on February 20, 1990, William requested that the agreement be amended to reflect his alleged change in income. The trial court refused and adopted Linda's judgment entry. William's counsel declined to sign the document. This appeal follows.

### Assignment of Error I

"The trial court erred as a matter of law and to the prejudice of the appellant by modifying and expanding an incomplete and unfinished in-court separation agreement, and after so doing utilizing said modified and expanded version of the agreement as the basis of its final judgment entry without either obtaining the agreement of the parties or conducting a trial."

■ William asserts that the in-court agreement of July 25, 1989 was not complete and could not be incorporated into a judgment entry absent his approval. We initially find this characterization of the agreement as incomplete to be extremely misleading. William assures this court that there had been no settlement as to specifics of the joint custody plan, division of household effects, selection of Linda's medical insurance, and details of the "qualified domestic relations order." We disagree.

Our review of the agreement reveals that the joint custody plan does not need further refinements. Household effects were to be divided by the parties on their own accord and a mechanism was provided whereby any disputes arising could be resolved. The terms regarding insurance are quite clear and unambiguous. Finally, we can find no "specifics" of the qualified domestic relations order which require further attention. The entry reserves the right to modify the order if the plan administrator finds a deficiency.

■ An in-court settlement agreement may be adopted by the court, incorporated into judgment entry, and enforced even in the absence of written approval by one party. *Holland v. Holland* (1970), 25 Ohio App.2d 98, 101–102, 54 O.O.2d 175, 176–177, 266 N.E.2d 580, 582. William's reliance upon *Emerine v. Emerine* (Oct. 25, 1989), Lorain App. No. 89CA004571, unreported, 1989 WL 126303, is misplaced. In that case, the trial court adopted an unsigned written separation agreement which had been neither read into the record nor approved by one of the parties. We held that such an entry could not be enforced.

Here, in contrast, a complete agreement was read into the record and agreed to by both parties. After waiting in vain for William to submit an entry he felt was acceptable, the trial court adopted Linda's entry, which was

found to follow the terms of the original agreement. This judgment entry is therefore enforceable and will not be overturned. The first assignment of error is overruled.

### Assignment of Error II

"The trial court erred as a matter of law and to the prejudice of appellant by denying the motion of the appellant to consider the change in economic circumstances between the day of the parties' in-court agreement and the date of the final judgment entry of divorce."

Six days before the final hearing, William requested a modification of the agreement on the grounds that significant changes in his salary had occurred. The trial court denied this request, explaining that the four paychecks submitted did not sufficiently establish a reduced income. William declined the court's request to hold an additional hearing on the matter.

The two cases cited by William, *Marksbury v. Marksbury* (1988), 46 Ohio App.3d 17, 545 N.E.2d 651, and *Knox v. Knox* (1986), 26 Ohio App.3d 17, 26 OBR 186, 498 N.E.2d 236, involve requests for new trials pursuant to Civ.R. 59(A)(8), filed after the court's judgment had been entered. In each case, it was held that the trial court should consider newly discovered evidence pertaining to circumstances occurring prior to the entry of judgment which would justify a modification. In the instant case, however, the trial court duly examined the evidence presented by William and determined that no change in circumstances had occurred. Since the judge did not abuse his discretion in this respect, this assignment of error is overruled.

William's assignments of error are overruled. The trial court is affirmed in all respects.

*Judgment affirmed.*

QUILLIN and CIRIGLIANO, JJ., concur.