[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, that granted appellee's motion for a new trial. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"Assignment of Error I
 "The trial court abused its discretion in granting a new trial on the basis of newly discovered evidence that did not exist at the time of trial and for granting the new trial before the entry of judgment."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1961. On May 6, 1996, appellant filed a complaint for legal separation. On March 8, 1999, following two days of hearings, the trial court filed its decision. The trial court found that appellee earned $60,000 in 1997 and that he had testified that his 1998 income "would probably be `somewhere in this area'" and that appellant had estimated annual earnings of $16,498.34. The trial court awarded appellant spousal support of $1,000 per month and retained jurisdiction to modify the award upon a showing of a change of circumstances. On March 15, 1999, appellee filed a motion for a new trial. In his motion, appellee asserted that he had lost his job since the time of trial and that the change in income constituted newly discovered evidence. On May 3, 1999, without yet having issued a final judgment entry of divorce, the trial court granted appellee's motion for a new trial on the basis that appellee's decreased income, which did not exist at the time of trial, was newly discovered evidence.
Appellant presents two arguments in support of her sole assignment of error. Appellant first asserts that the trial court erred by granting the motion for a new trial before it had entered final judgment on the divorce. Appellant cites Civ.R. 59(B), which states that a motion for a new trial "shall be served not later than fourteen days after entry of judgment," in support of her claim that the motion was filed prematurely and contrary to the Ohio Rules of Civil Procedure. This court finds, however, that Civ.R. 59(B) states an outside limit on the time during which a motion for new trial may be filed but does not put a restriction on how soon after trial such a motion may be made. We therefore find this argument without merit.
Appellant next asserts that the trial court erred by granting the motion because the "newly discovered evidence" did not exist at the time of trial. Appellee responds that "new evidence" is not limited to evidence that existed before trial and was discovered later, but can also be a change of circumstances that manifests itself after the trial.
A trial court's ruling on a motion for a new trial will be reversed only upon a showing of abuse of discretion. Jenkinsv. Krieger (1981), 67 Ohio St.2d 314, 320. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In order to succeed on a motion for a new trial, the movant must show that: 1) the new evidence will probably change the result; 2) the evidence was discovered since the trial; 3) the evidence could not, in the exercise of due diligence, have been discovered before the trial; 4) the evidence is material to the issues; 5) the evidence is not merely cumulative; and 6) the evidence does not merely impeach or contradict the former evidence. Sheen v. Kubiac (1936), 131 Ohio St. 52, paragraph three of the syllabus.
"[A]s a general rule, matters happening after trial cannot be considered `newly discovered evidence' upon which to justify the granting of a new trial." Schwenk v. Schwenk (1982),2 Ohio App.3d 250, 252. In Schwenk, after the trial court had announced its decision on the party's divorce but before final judgment had been entered, the appellant suffered accidental injury which affected her ability to support herself. The appellant filed a motion for a new trial, which the trial court denied. The court of appeals, expressing its concern that litigation must come to a reasonable end, held that "a trial court in its sound discretion may decline to grant a motion for a new trial on the ground of newly discovered evidence where the events in question occurred after trial and subsequent to the court's announcement of decision but prior to entry of judgment." Id. at 253.
Subsequent to Schwenk, however, Ohio courts have considered the same issue, allowing motions for a new trial filed on the basis of "new evidence" which came into existence in each case after the trial but before final entry of divorce. SeeMarksbury v. Marksbury (1988), 46 Ohio App.3d 17; Knox v. Knox
(1986), 26 Ohio App.3d 17; Bender v. Bender (Apr. 27, 1994), Medina App. No. 2224-M, unreported. In Knox, the appeals court held that it was an abuse of discretion for the trial court to deny a motion for a new trial under Civ.R. 59(A) (8) when the basis for the motion was a change in circumstances that occurred after the trial but before the entry of judgment.
In the case before us, the trial court applied the Sheen
standard to the facts of this case and found that the question of appellee's income is material to the issue of spousal support and will directly affect the support award; the event occurred after the trial and could not have been discovered before trial; and the evidence is not merely cumulative and does not merely impeach or contradict previous testimony.
After thorough consideration of the record of proceedings in this case and the law, we find that the trial court's decision to grant appellee's motion for a new trial was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. While appellee could have waited for the final judgment entry of divorce and then filed a motion to modify spousal support, we are unable to find that the trial court erred by granting the motion for a new trial filed immediately after the trial court announced its decision. Appellant's second argument in support of her sole assignment of error is without merit. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.