OPINION
{¶ 1} Defendant Keith Lovejoy appeals a judgment of the Court of Common Pleas, Domestic Relations Division, which overruled his motion for a new trial regarding the divorce between appellant and plaintiff appellee Regina Lovejoy. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT MERELY RE-ADOPTED APPELLEE'S PREVIOUSLY PREPARED JUDGMENT ENTRY DECREE OF DIVORCE WHICH DID NOT INCLUDE FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATED TO APPELLANT'S CORPORATE BANKRUPTCY.
 {¶ 3} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL WHEN NEWLY ACQUIRED EVIDENCE AND A CHANGE OF CIRCUMSTANCES OCCURRED BETWEEN THE TIME OF TRIAL AND THE TIME OF THE FINAL DECREE.
 {¶ 4} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN VALUING THE APPELLANT'S BUSINESS, THUS RESULTING IN AN INEQUITABLE DIVISION OF THE MARITAL ASSETS BY REASON OF OVERESTIMATION OF THE VALUE OF THE BUSINESS.
 {¶ 5} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING APPELLEE SPOUSAL SUPPORT IN THE AMOUNT OF $673.24 PER MONTH, AND CHILD SUPPORT IN THE AMOUNT OF $324.07 PER MONTH PER CHILD, WHEN SUCH ORDER WAS INEQUITABLE UNDER THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} This appeal addresses only the financial aspects of the divorce, and does not challenge the merits of the divorce or the allocation of parental rights and responsibilities except for child support. Appellant and appellee were co-owners of Lovejoy's Flooring, Inc., an S corporation. It appears the corporation and marital home were the major assets of the marriage. At trial, the parties disputed the value of the corporation, appellee presenting evidence the corporation was worth approximately $136,000. In contrast, appellant's evidence was that the business was worthless. The court heard the case on April 3, April 4, and June 11, 2001. The trial court ordered each party to submit a proposed final judgment entry decree of divorce. Both parties submitted the proposed entries to the court. Appellant proposed the marital residence be sold with the proceeds used to pay off the parties' debts; the child support be set at $140.42 per month per child, and that neither party pay spousal support, all based upon the parties' respective incomes and the valuation of the business at zero. Appellee proposed, based on the value of the corporation being $136,000, that appellant should quit-claim his interest in the marital residence to appellee, with an equitable value of $81,000. Appellee proposed she should pay the first mortgage, and appellant pay the second mortgage; the child support be set at $324.07 per month per child; spousal support set at $673.24 per month for five years, with the trial court not retaining jurisdiction over the spousal support; and for appellant to pay over to appellee the amount of $17,519.06 within 60 days of the filing of the final decree to equalize the marital property distribution.
 {¶ 7} On August 31, 2001, after the final hearing but prior to the final entry in this case, appellant filed for bankruptcy for Lovejoy's Flooring, Inc. On October 25, 2001, the trial court adopted appellee's proposed judgment entry and ordered an original to be prepared within 10 days. The trial court journalized the final decree of divorce on November 9, 2001. On November 16, 2001, appellant filed his motion for new trial and a request for findings of fact and conclusions of law regarding the motion for new trial, based upon Lovejoy Flooring, Inc.'s corporate bankruptcy.
 {¶ 8} On November 21, 2001, the trial court ordered each party to submit findings of fact and conclusions of law. Appellee re-submitted her proposed findings of fact and conclusions of law without addressing the bankruptcy issue. Appellant submitted proposed findings of fact and conclusions of law incorporating the issue of the corporate bankruptcy.
 {¶ 9} The trial court heard the motion for new trial on January 7, 2002. At the hearing, appellant informed the court his motion for findings of fact and conclusions of law addressed his motion for new trial, and not the prior judgment and divorce decree. Appellee advised the court she had appeared in bankruptcy court and as a result of her motion, the bankruptcy court had lifted the automatic stay over Lovejoy's Flooring, Inc.
 {¶ 10} At the close of the hearing, the trial court found there was no evidentiary basis the court needed to review in order to overrule the motion for new trial. The trial court specifically found the corporation was not named as a party in this case. The trial court further re-adopted and re-approved appellee's findings, as cited in the prior entry and divorce decree. On January 7, 2002, the trial court entered a judgment formally overruling the motion for new trial and re-adopting appellee's proposed findings of fact. This appeal ensued.
 I II {¶ 11} In his first assignment of error, appellant argues the trial court violated Civ.R. 52 and abused its discretion in overruling the motion for new trial and re-adopting appellee's previously prepared judgment entry decree of divorce, which did not address the issue of the corporate bankruptcy. Appellant's motion for new trial was made pursuant to Civ.R. 59, alleging newly discovered evidence.
 {¶ 12} Pursuant to the rule, the trial court may grant a new trial based upon newly discovered evidence material to the action, which with reasonable diligence could not have been discovered and produced at the first trial. A motion for a new trial is addressed to a trial court's sound discretion, and must not be disturbed on appeal absent an abuse of discretion, see State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54.
 {¶ 13} Matters which occur after trial are not generally considered newly discovered evidence upon which to justify the granting of a new trial, because newly discovered evidence refers to facts in existence at the time of the trial, of which the parties were excusably ignorant, Schwenk v. Schwenk (1982), 2 Ohio App.3d 250, 441 N.E.2d 631. However, under certain circumstances, courts have allowed new trials, based upon a change of circumstance occurring after the trial, but before the judgment was entered. In Knox v. Knox (1986), 26 Ohio App.3d 17, this court found an unconscionable delay of 14 months between the trial and the date of judgment, coupled with a drastic change of circumstances, rendered a new trial appropriate. We find the within case does not present an unconscionable delay nor the sort of circumstances that were present in the Knox case, and we find the trial court did not err in overruling the motion for a new trial.
 {¶ 14} In State ex rel. Collins v. Pokorny, 86 Ohio St.3d 70,1999-Ohio-343, 711 N.E.2d 683, the Ohio Supreme Court held a trial court is not required to make findings of fact when it overrules a motion for new trial.
 {¶ 15} We find the trial court did not abuse its discretion or commit an error of law in overruling the motion for new trial without making specific findings of fact regarding that motion.
 {¶ 16} The first and second assignments of error are overruled.
 III IV {¶ 17} In his third assignment of error, appellant challenges the trial court's valuation of business and division of marital assets. We find we have no jurisdiction over this issue, because it addresses issues which were decided by final judgment in the prior divorce decree. Appellant did not file a timely appeal from that judgment.
 {¶ 18} The third and fourth assignments of error are overruled for lack of jurisdiction.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
Gwin, J., and Farmer, J., concur; Hoffman, P.J., concurs in part; dissents in part.
Domestic relations — divorce new trial — newly discovered evidence.