OPINION
{¶ 1} Defendant-appellant, Earnest R. Croft, Jr., appeals from a judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} By indictment filed August 4, 1982, appellant was charged with committing a total of 18 offenses arising from six separate incidents, which involved different victims. Appellant was charged with five counts of aggravated burglary, seven counts of rape, four counts of aggravated robbery, one count of robbery, and one count of receiving stolen *Page 2 
property. On September 21, 1982, a single-count indictment was filed against appellant for receiving stolen property. All 19 charges were tried together.
 {¶ 3} After a jury trial, appellant was convicted of one count each of aggravated burglary, rape, attempted rape, and aggravated robbery for events that occurred on March 29, 1982. Appellant was convicted of one count each of aggravated burglary, rape, and aggravated robbery for events that occurred on May 12, 1982. Appellant was convicted of one count each of aggravated burglary, rape, and aggravated robbery for events that occurred on May 18, 1982. Appellant was convicted of one count each of aggravated burglary and aggravated robbery and two counts of rape for events that occurred on June 22, 1982. Appellant was convicted of one count each of aggravated burglary, rape, and robbery for events that occurred on July 1, 1982. Appellant was convicted of one count of receiving stolen property for events that occurred on July 24, 1982. Lastly, appellant was convicted of an additional count of receiving stolen property in connection with the indictment filed September 21, 1982.
 {¶ 4} On November 24, 1982, appellant was sentenced to 70 years minimum to 280 years maximum of incarceration. Appellant appealed his convictions to this court. This court affirmed the judgment of the trial court. See State v. Croft (May 19, 1983), Franklin App. No. 02AP-1047.
 {¶ 5} In January 2001, the underlying case was scheduled for an "H.B. 180 hearing" to determine appellant's sexual offender status. The matter was heard before the trial court on May 16, 2002, and June 9, 2003. Over four years later, on June 15, 2007, the trial court filed a decision and entry adjudicating appellant a sexual predator pursuant to R.C. 2950.09. *Page 3 
 {¶ 6} Appellant appeals and sets forth the following two assignments of error for our review:
 FIRST ASSIGNMENT OF ERROR
 The trial court erred in finding Appellant to be a sexual predator.
 SECOND ASSIGNMENT OF ERROR
 The trial court improperly delayed releasing a decision on the sexual predator motion for over four years, thereby rendering the testimony stale and denying Appellant due process under the state and federal Constitutions.
 {¶ 7} Because they involve interrelated issues, we will address appellant's two assignments of error jointly. Under his first assignment of error, relator challenges the trial court's finding that he is a "sexual predator." By his second assignment of error, appellant argues that he was denied due process because the trial court did not release its decision finding him to be a sexual predator until over four years after the last day of the sexual predator hearing.
 {¶ 8} In order for an offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(4). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases." Cross v.Ledford (1954), 161 Ohio St. 469, 477. *Page 4 
 {¶ 9} R.C. 2950.09(B)(3) sets forth a non-exhaustive list of factors for a court to consider in making a determination of whether a sexual offender is a sexual predator, and states in relevant part as follows:
 * * * [T]he judge shall consider all relevant factors, including, but not limited to, all of the following:
 (a) The offender's * * * age;
 (b) The offender's * * * prior criminal * * * record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender
 * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender * * *;
 (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender * * * during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty; *Page 5 
 (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct.
 {¶ 10} There is no requisite number of these factors that must apply before a trial court may find that an offender is a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be appropriate. State v. Vance, Franklin App. No. 06AP-1016, 2007-Ohio-4407, ¶ 96; see State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 19. See, also, State v. Thompson (2001),92 Ohio St.3d 584, paragraph one of the syllabus (the "judge must consider the guidelines set out in R.C. 2950.09(B)(2), but the judge has discretion to determine what weight, if any, he or she will assign to each guideline"). Because the test is not a balancing one, even one or two of the factors are sufficient as long as the evidence of likely recidivism is clear and convincing. Id.
 {¶ 11} In an appeal from a trial court's finding that an offender is a sexual predator, the appellate court must apply the manifest-weight-of-the-evidence standard used in civil cases. SeeColumbus v. Repine, Franklin App. No. 07AP-250, 2007-Ohio-5015, citingWilson, supra. In Wilson, the Supreme Court of Ohio stated that sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, and, therefore, "a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence." Id. at syllabus. Therefore, we must affirm the trial court's finding that appellant is a sexual predator if it is supported by some competent, credible evidence. See Id. at ¶ 32. *Page 6 
 {¶ 12} In this appeal, appellant argues that the trial court was misguided in assessing the evidence pertinent to the sexual predator determination. More specifically, appellant argues that the trial court did not give the appropriate weight to his behavior since the time of the offenses, his participation in treatment, and the prognosis provided by his treatment providers.
 {¶ 13} Various exhibits were admitted into the record at the sexual predator hearing, including copies of the trial transcript, the jury verdict form, the sentencing entry, and the reports of psychologists Kristene Haskins and Nancy Steele. Three persons testified at the hearing: Marcus McLittle, who was the social worker supervisor for the Mental Health Department of the Ohio Department of Corrections, and Drs. Haskins and Steele.
 {¶ 14} Mr. McLittle testified that appellant had participated in various programs in prison, including mental health programs, sex offender programs, as well as victim awareness and violent offender programs. As to the sex-offender programming, Mr. McLittle testified that appellant showed exemplary participation in that programming, which generally has the effect of reducing the likelihood of recidivism. But Mr. McLittle did not give a specific opinion as to appellant's likelihood of recidivism.
 {¶ 15} Dr. Steele, who formerly worked for the Ohio Department of Corrections, testified that she supervised the mental health program in one of the prisons in Ohio and developed a sex-offender program, which became known as the "Magellan" program. Dr. Steele testified as to the efficacy of the program and noted that appellant completed the program in 1997. Dr. Steele testified that appellant's institutional record dramatically improved over time; during his first five years in prison he was frequently in trouble, but *Page 7 
then the problems decreased. Dr. Steele testified that the best instruments available to evaluate the likelihood of recidivism are the "risk scales," which are primarily based on an offender's criminal history. She testified that the best instrument is the "Static 99" because it is an objective and straightforward test. She opined that the second best instrument is the "Minnesota Scale." She testified that there are numerous other instruments that have developed which combine clinical interpretation with historical scales. The "scores" derived from these tests do not change once the offender is in prison.
 {¶ 16} Dr. Steele testified that she evaluated appellant at the request of defense counsel, and that appellant received a score of five on the "Static 99" test, which placed him in the medium to high risk for recidivism category. Appellant received a score of six for purposes of the "Minnesota Sex Offender Recidivism Evaluation." For that risk scale evaluation, a score of four to seven is in the moderate range. Dr. Steele also opined that the "MMPI" test, which was administered by Dr. Haskins, is not a good predictor of recidivism. Based on her three meetings with appellant, her testing, and review of pertinent records, Dr. Steele concluded, to a reasonable degree of scientific certainty, that appellant is not highly likely to commit a new sexual offense.
 {¶ 17} Dr. Haskins testified that, for purposes of the Static 99 test, she scored appellant as a six, placing him in the high risk category to re-offend. Dr. Haskins concluded that appellant is highly likely to reoffend.
 {¶ 18} Relying upon State v. Krueger (Dec. 19, 2000), Cuyahoga App. No. 76624, appellant argues that the psychologists' reports were outdated, or "stale," by the time the trial court rendered its decision on June 15, 2007. In Krueger, the offender was convicted *Page 8 
in 1984 of raping a child under 13. In 1999, a hearing was held on the state's motion to adjudicate the defendant as a sexual predator. The trial court declared the defendant to be a sexual predator, and the defendant appealed. The court of appeals reversed the sexual predator determination of the trial court. See id. Addressing the age of the psychiatric evaluation relied upon by the trial court, the appellate court stated: "It is unclear in the first instance what weight should be afforded a fifteen-year-old psychiatric evaluation." Id. However, it also determined "that a fifteen-year-old psychiatric evaluation conducted for a different purpose is too stale to satisfy the State's burden here." Id. The Krueger court concluded that the trial court judge's reliance upon "the fact that Krueger's offense involved children, and the 1984 psychiatric report diagnosing Krueger with pedophilia * * * was insufficient to support her determination."
 {¶ 19} In State v. Pulsar, 153 Ohio App.3d 144, 2003-Ohio-3345, the Eighth District Court of Appeals revisited the analysis inKrueger and stated that "Krueger's precedential value was suspect even at the time it was released." Id. at ¶ 32. Therefore, appellant's reliance upon Krueger is unavailing. Furthermore, we note that it is within the sound discretion of the trial court to determine the appropriate weight to be given to evidence concerning the offender's likelihood to re-offend. See Wilson, supra, at ¶ 19. Thus, we disagree with appellant insofar as he argues that it was error for the trial court to rely upon the psychologists' reports and testimony in making the sexual-predator determination.
 {¶ 20} Additionally, appellant, citing State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, contends that a sexual-predator finding must be supported by more than the nature of the crime. InBaughman, this court stated that "a trial court cannot find *Page 9 
an offender a sexual predator solely on facts arising from the underlying offense." This court has limited Baughman to its own facts. See State v. Kirkland, Franklin App. No. 04AP-654, 2005-Ohio-1123, at ¶ 13. In State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, this court recognized that "R.C. Chapter 2950 does not specifically require that the state prove propensity by facts `other than the facts of the crime itself.'" This court rejected the assertion "that facts derived from the sexual offense for which defendant was convicted can never in themselves be sufficient to support a finding of sexual predator by clear and convincing evidence." Id. Moreover, Baughman involved one conviction. Here, appellant was convicted of raping five women. For these reasons, appellant's reliance upon the Baughman case is unpersuasive.
 {¶ 21} As noted by appellant, evidence at the sexual-predator hearing indicated that he participated in sexual-offender programs, and that his behavior in prison has improved since he was imprisoned in 1982 for the rapes. However, the evidence presented at the sexual-predator hearing also indicated the following: appellant was convicted of raping five women; he used a knife in the commission of several of the offenses; he threatened to kill several of the victims; one of the victims was a minor at the time of the offense; and these offenses occurred within a span of approximately six months and began within two months after he was released from prison, where he was serving time for an aggravated burglary conviction. Additionally, the psychological testing of appellant indicated a moderate to high risk of recidivism.
 {¶ 22} Based on the foregoing, we find competent, credible evidence to support the trial court's finding that appellant is a sexual predator. Accordingly, we overrule appellant's first assignment of error. *Page 10 
 {¶ 23} In addition to arguing that the delay in the issuing of the decision rendered the psychological evidence outdated, appellant argues in his second assignment of error that he was prejudiced by the delay because he "was denied the opportunity to introduce fresh and compelling evidence of his treatment efforts and their rehabilitative effect." (Appellant's brief, at 22.) According to appellant, the trial court violated the principle stated in R.C. 2950.09(B)(2), that, at a sex-offender-classification hearing, an offender "shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator."
 {¶ 24} Appellant cites Knox v. Knox (1986), 26 Ohio App.3d 17, in support of his contention that the trial court's delay in issuing its judgment necessitates a reversal. The Knox case involved a contested-divorce proceeding. In that case, the matter was heard before a trial court in June 1984, and the court filed its judgment 14 months later. During that delay, the wife secured a higher-paying job. In view of that change, the husband moved for a new trial on grounds of newly-discovered evidence. The trial court overruled the motion and the husband appealed. See id.
 {¶ 25} On appeal, the Fifth District Court of Appeals reversed the trial court's decision. The appellate court found that a new trial was warranted on the basis of the newly-discovered evidence. As to the delay between the date of trial until the date of judgment, the court stated: "During such an extended period of time, the circumstances and environment of the parties may change radically. A decree not reflecting such changes may prejudice the parties, yielding an inequitable result. It happened here." Id. Thus, the Knox court considered the delay in the context of reviewing the trial court's *Page 11 
denial of a motion for a new trial in a contested-divorce proceeding. Here, appellant appeals from the trial court's decision adjudicating him as a sexual predator and did not seek to offer in the trial court any evidence after the hearing in June 2003. Therefore, appellant's reliance upon the Knox case is unpersuasive.
 {¶ 26} Appellant also attempts to demonstrate prejudice by applying speedy-trial principles. Under the Sixth Amendment to the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]" See, also, Section 10, Article I, Ohio Constitution (independently guaranteeing the right to a speedy trial). The United States Supreme Court, in Smith v. Hooey (1969), 393 U.S. 374, 89 S.Ct. 575, explained that the constitutional right to a speedy trial "has universally been thought essential to protect at least three basic demands of criminal justice in the Anglo-American legal system: `(1) to prevent undue and oppressive incarceration prior to trial, (2) to minimize anxiety and concern accompanying public accusation and (3) to limit the possibilities that long delay will impair the ability of an accused to defend himself.'" Id. at 377-378, quoting U.S. v. Ewell, 383 U.S. 116,120, 86 S.Ct. 773. (Footnote omitted.)
 {¶ 27} Appellant seeks to apply speedy-trial principles in order to show that a delay over one year is presumptively prejudicial. As noted by appellant in his brief, courts have generally found that a delay approaching one year becomes "presumptively prejudicial." Doggett v.U.S. (1992), 505 U.S. 647, 652, fn. 1, 112 S.Ct. 2686. However, the constitutional right to a speedy trial only applies to criminal prosecutions, see Doggett, supra, at 655, and the Supreme Court of Ohio has clearly stated that sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature. See Wilson, *Page 12 
supra, at ¶ 32. But see U.S. v. Eight Thousand Eight Hundred and FiftyDollars in U.S. Currency (1983), 461 U.S. 555, 103 S.Ct. 2005 (holding that the balancing test of Barker v. Wingo (1972), 407 U.S. 514,92 S.Ct. 2182, which was developed to determine when governmental delay has abridged the right to a speedy trial, provided the appropriate framework for determining whether an 18-month delay in filing a forfeiture action was reasonable).
 {¶ 28} Here, the trial court held a hearing in May and June 2003, in which it provided appellant and the state the opportunity to present evidence and call and examine witnesses as the parties deemed necessary and appropriate. Three witnesses testified and 15 exhibits were admitted. Thus, contrary to appellant's suggestion, the hearing was not perfunctory in nature. However, the trial court did not issue its judgment classifying appellant as a sexual predator until over four years after the case was heard. Clearly, this delay was substantial. The reason for this substantial delay is not apparent from a review of the record. The state speculates that the reason for the delay could have been because the trial court was waiting to see if the parties would supplement the record with further evidence or written argument. At the June 2003 hearing, the trial court instructed appellant's counsel to consult with appellant, who was not present at the hearing. and then to inform the court if there was anything further he wished to submit for the court's consideration. Despite the opportunity to supplement the record as appellant deemed necessary and appropriate, appellant filed, on August 6, 2003, a motion requesting that the trial court declare the record closed and that the matter be submitted to the court for its determination. The record contains no subsequent filing by the trial court concerning that request. Nor does the record contain any subsequent request by *Page 13 
appellant to withdraw his August 6, 2003 request in an attempt to supplement the record with additional pertinent evidence.
 {¶ 29} Upon reviewing the record, we see no reason why appellant would have been precluded from withdrawing his August 6, 2003 request to close the record and concurrently requesting that the record be supplemented with additional evidence for the trial court's consideration in the sexual-predator determination. Therefore, we conclude that, while the trial court's delay in issuing its decision regarding the sexual-predator adjudication was substantial, appellant has not shown that he was prejudiced by that delay.
 {¶ 30} Accordingly, we overrule appellant's second assignment of error.
 {¶ 31} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER, P.J., and KLATT, J., concur. *Page 1