## HUTT v YOUNG et

Ohio Appeals, 5th Dist, Stark Co

No 1435. Decided February, 1934

H. J. Shoemaker, Canton, for plaintiff in error.

Christian R. Wingerd, Canton, for defendants in error.

## OPINION

By LEMERT, J.

The petition in error sets forth several grounds of error, but the two grounds relied upon principally in brief and oral argument are: First, the court erred in overruling the motion for new trial filed by the plaintiff in error; and Second, that said judgment and decree was contrary to the law and against the weight of the evidence.

On the first proposition, the plaintiff in error contends that the court below committed error in overruling her motion for a new trial, claiming that she was entitled to a new trial upon the ground of newly discovered evidence. We note from the record that the matters claimed by the plaintiff in error in the court below to be newly discovered evidence, that they referred to happenings which took place after the trial of this cause in the Court of Common Pleas. It is plain and clear to our mind that matters and things which happened after the trial of the cause in the Common Pleas Court cannot be considered as newly discovered evidence. Such evidence as shown by the record shows, at the most, the same to be accumulative and they do not present such matters as would reasonably cause this court or any other court to reverse the decision of the court below.

Plaintiff in error has made some complaint on the matter of fraud entering into the transfer from father to son. The testimony in this case, as shown by the record, is to the effect that Emanuel J. Young purchased this original farm for approximately $18,000.00; that it was all paid, save and except the sum of approximately $6,-000.00, and as a result of the foreclosure sale and of the payment of taxes and interest accumulated, a deficiency of something over $1,000.00 was obtained against Mr. Young by the original mortgagee, who is the plaintiff in error in this cause.

The record shows that the defendant, Ellsworth Young, the son of the defendant in error, Emanuel J. Young, never had received any consideration for the advancements he made his father in the amount of approximately $6,000. The record clearly shows that this amount was due the son from the father, and that the son held no security for the same and there is nothing in the record before us to indicate that there was any fraud or collusion between the father and the son in the transfer of the property in question. By fraud, such as claimed in this case, would mean a sur-

prise, trick, cunning, covering up, and any other unfair way that is used to cheat anyone. The plaintiff in error was not cheated when she got a farm which was sold for $18,000.00 in payment for a claim of $6,-000.00, and in addition thereto obtained the deficiency judgment hereinbefore referred to.

Finding no error in this case, the finding and judgment of the court below will be and the same is hereby affirmed.

SHERICK, PJ, and MONTGOMERY, J, concur.