OPINION
Appellant Frank Morris appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, that designated Appellee Cynthia Morris the residential parent of the parties' minor child. The following facts give rise to this appeal. The parties to this action were married on April 24, 1984. One child was born as issue of the marriage on December 7, 1991. In September 1996, appellee moved out of the marital residence and left the child with appellant. Approximately one month after appellee left the marital residence, she filed a domestic violence charge against appellant. This charge was subsequently dismissed. In its temporary orders, the trial court established placement of the child with appellee and permitted appellant to have visitation. This matter proceeded to trial on December 19, 1997, and January 29, 1998. At trial, appellant testified that appellee filed numerous criminal complaints against him. Appellee claims the police visited his residence approximately thirty times during the pendency of this matter. As a result of these complaints, appellant has been convicted of domestic violence, intimidation, menacing and telephone harassment. Appellant also made allegations, at trial, that appellee violated the trial court's order that neither party have a third party paramour present while their son was in their care. In his report, the guardian ad litem recommended that appellant be designated the residential parent of the parties' minor child. On December 9, 1998, the trial court rendered its decision and designated appellee the residential parent. Appellant filed a motion for new trial on December 21, 1998. The trial court overruled appellant's motion on March 16, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE TRIAL COURT ERRED IN GRANTING "CUSTODY" OF THE MINOR CHILD OF THE PARTIES TO DEFENDANT/APPELLEE AS THE COURT FAILED TO CONSIDER THE STATUTORY ELEMENTS ENUMERATED IN O.R.C. § 3109.04(F)(1)(a) THROUGH (j) THROUGH 3109.04 (F)(2)(a) THROUGH (e).
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF IN WAITING APPROXIMATELY ONE (1) YEAR AFTER THE TRIAL OF THIS MATTER TO RENDER A DECISION.
 I
In his First Assignment of Error, appellant contends the trial court failed to consider the statutory elements contained in R.C.3109.04(F)(1)(a) through (j) and R.C. 3109.04(F)(2)(a) through (e). We disagree. An appellate court's standard of review in custody matters is abuse of discretion. Miller v. Miller (1988),37 Ohio St.3d 71, 74. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We must look to the totality of the circumstances in the case sub judice to determine whether the trial court acted unreasonably, arbitrarily or unconscionably. R.C. 3109.04(F)(1) sets forth the factors a trial court is to consider in determining the best interest of a child when allocating parental rights and responsibilities for the care of a child. This section provides: (F)(1) In determining the best interest of a child pursuant to this section, * * * the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense;
* * *
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
A review of the trial court's judgment entry issued on December 9, 1998, indicates the trial court did consider the above factors. Specifically, the trial court made the following findings of fact. The trial court began its analysis by noting that both parents sought custody of their minor child. Judgment Entry, Dec. 9, 1998, at 3. Judge Edwards interviewed the minor child, in camera, on January 29, 1998. The child informed Judge Edwards that he wished to spend the winters with his mother and the summers with his father. The judge found this answer somewhat rehearsed. Id. However, it was clear to the court that the child wished to live with both parents. Id. at 4. As to the child's interaction and interrelationship with his parents, the trial court found that both appellant and appellee love and care for the child. Id. The trial court also found that each parent has a close relationship with the child and do many activities with the child. Id. at 7-8. Neither appellant nor appellee have any mental or physical impairments which would affect their ability to be a good parent. Id. at 5. As to the issue of visitation, the trial court found that appellant may be less likely to deny appellee visitation but more likely to cause friction during the exchange of the child. Id. The trial court did not know the status of child support payments. Id. at 6. As to the factor of criminal convictions, the trial court noted that appellant has been convicted of domestic violence, intimidation, menacing and telephone harassment. Id. At trial, appellant testified he pled no contest to these charges because he did not have the money to fight them. Tr. at 113-114. The trial court found that appellee denied appellant visitation on a few occasions. Appellee claims she did so because she did not understand that the protective orders that were issued against appellant were subject to companionship. Id. at 5. Appellant only denied appellee one visit with the child. Id. Finally, the trial court found that neither party expressed an intent to leave the State of Ohio. Id. at 6. Based on these findings, the trial court granted custody of the minor child to appellee. The trial court stated that it did so "* * * in spite of the recommendations of the Guardian Ad Litem." Id. at 15. Appellant argues the trial court's use of the words "in spite" demonstrates the trial court's decision to award custody to appellee was done so in a malicious, annoying and harassing manner. We disagree with this argument. Upon review of the record, we find the trial court did not abuse its discretion in awarding custody of the parties' minor child to appellee. The trial court properly considered the factors contained in R.C. 3109.04(F)(1)(a) through (j). Accordingly, appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred, to his prejudice, by waiting approximately one year after the trial of this matter to render its decision. We disagree. On December 21, 1998, appellant filed a motion for new trial pursuant to Civ.R. 59(A)(1) and (8). The trial court overruled appellant's motion on March 16, 1999. Civ.R. 59(A) provides, in pertinent part: (A) Grounds A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
* * *
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
* * *
Appellant claims irregularity in the proceedings, under Civ.R. 59(A)(1), on the basis that the trial court did not rule on the issue of custody until one year after the completion of the trial. Under Civ.R. 59(B)(8), appellant claims the minor child made statements to the guardian ad litem indicating he was not happy with the trial court's decision concerning custody. The standard of appellate review on a motion for new trial is abuse of discretion. Anthony v. Hunt (Feb. 9, 1998), Stark App. No. 1997CA00170, unreported, at 1. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Therefore, we must look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. For the reasons that follow, we find the trial court did not abuse its discretion. We find appellant's argument pursuant to Civ.R. 59(A)(1) lacks merit because appellant did not establish how he was prejudiced by the one year delay or that the delay prevented him from having a fair trial. As to appellant's claim under Civ.R. 59(A)(8), before a new trial based on new evidence is granted, it must be shown that:
 * * * (1) the evidence must be such as will probably change the result if a new trial is granted,
(2) it must have been discovered since the trial,
 (3) it must be such as could not in the exercise of due diligence have been discovered before the trial,
(4) it must be material to the issues,
 (5), it must not be merely cumulative to former evidence, and
 (6) it must not merely impeach or contradict the former evidence. (Emphasis sic.) Douglas Elec. Corp. v. Grace (1990), 70 Ohio App.3d 7, 16, citing Sheen v. Kubiac (1936), 131 Ohio St. 52, paragraph three of the syllabus.
We also find the trial court did not abuse its discretion when it overruled the motion for new trial pursuant to Civ.R. 59(A)(8). The trial court did not give its reasons for overruling appellant's motion. However, based on our review of the record, we find the newly discovered evidence was merely hearsay testimony from the guardian ad litem. This evidence was not presented to the trial court by way of affidavit. Further, newly discovered evidence cannot be evidence which happened after the filing of the judgment entry. Hutt v. Young (1934), 47 Ohio App. 390, 393. Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, P.J., and FARMER, J., concur.