ALESSIO, APPELLEE, *v.* HAMILTON AUTO BODY, INC. ET AL., APPELLANTS.

(No. 11743—Decided February 6, 1985.)

*Robert C. Hunt,* for appellee.
*David C. Engle,* for appellants.

GEORGE, J. The plaintiff-appellee, Eugene Alessio, filed a lawsuit against the defendants-appellants, Robert Hamilton and Hamilton Auto Body, Inc., alleging breach of contract and fraud in the restoration of his antique car. This case was tried before a jury. The jury found for Alessio, awarding him $33,000 in compensatory damages against Hamilton Auto Body; and $1 in compensatory damages and $30,000 in punitive damages against Robert Hamilton. Hamilton and Hamilton Auto Body appeal from this judgment. This court affirms.

### Assignment of Error

"The trial court erred in denying defendant, Robert Hamilton's, motion for a new trial or in the alternative, a remittitur of the verdict for punitive damages, where the award of punitive damages ($30,000.00) was so grossly disproportionate to the compensatory

damages awarded to plaintiff ($1.00), so as to give rise to the presumption that the award was the result of passion and prejudice, requiring a new trial."

Hamilton argues that the punitive damages award was excessive as a matter of law. This is based on the argument that the $30,000 punitive damages awarded against Robert Hamilton did not bear a reasonable relationship to the $1 compensatory damages award.

Punitive damages are designed to deter a defendant and others from committing the same offending conduct in the future. While the amount of the punitive damages award is generally left to the jury's discretion, punitive damages should bear a reasonable relationship to the injury sustained. See 30 Ohio Jurisprudence 3d (1981) 169, Damages, Section 161. Further, under Ohio law, punitive damages may be apportioned among various defendants. *Mauk* v. *Brundage* (1903), 68 Ohio St. 89, paragraph four of the syllabus.

Here, the jury awarded Alessio compensatory damages in the amount of $33,001 and punitive damages in the amount of $30,000. Thus, the punitive damages bore a reasonable relationship to the injury sustained. The fact that the punitive damages were assessed solely against Robert Hamilton is immaterial.

The next issue is whether the punitive damages awarded against Hamilton were the result of passion and prejudice. Since the trial court transcript was not filed, this court is unable to review the record in order to make this determination.

Accordingly, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellant District, sitting by assignment in the Ninth Appellate District.