JOURNAL ENTYR AND OPINION
Appellant, Andrew Heary, is appealing the trial court's judgment entry of divorce in case number 76833. He is appealing the denial of his motion for a new trial in case number 77049. In case number 78180, he is appealing the trial court's order granting of appellant's Civ.R. 60(B) motion and order denying appellant's motion to set aside the Sheriff's sale of a boat. For the following reasons, we affirm.
Appellant and appellee, Donna Heary, were married on April 24, 1976. On July 13, 1996, appellee left the marital residence and moved to Florida with the parties' minor son. Appellant continued to reside in the $400,000 marital home. Appellant incurred substantial debt on charge cards, and sent the bills to appellee. Appellee filed for divorce.
The journal entry of divorce attached and incorporated the magistrate's report. The magistrate found that appellant had gross income of $121,387.00 per year. Appellee had no income and suffered from chronic progressive multiple sclerosis. The trial court ordered that appellant pay child support and spousal support.
The court split the assets almost equally, including the marital home and appellant's pension. Marital debts of approximately $56,332 were allocated to appellant. The journal entry stated that appellant was also responsible for, any and all other debts and obligations including those he had incurred since the parties' separation.
Appellee was responsible for $4,821 she borrowed from her sister after she left the marital home and any bills incurred in Florida except medical bills and those appellant was ordered to pay. The magistrate's report states that appellee does not have the means to pay the marital debts.
The magistrate noted that a lawsuit was pending in Pennsylvania against the parties, filed by appellee's brother. Appellee's mother's estate transferred $52,250 to the parties. Appellee's brother sued appellee and appellant claiming the money was a loan from the estate. This lawsuit was pending at the time of the magistrate's report. Appellee and appellee's sister testified before the magistrate that the estate loaned the money to appellant and appellee. Appellant denied that the money was still owed.
After the magistrate's report, but before the final journal entry, the court in Pennsylvania ruled that appellant and appellee were jointly liable to the mother's estate for $52,250. Appellant filed objections to the magistrate's report for failure to divide the $52,250 debt. These objections were overruled as untimely.
After the final journal entry, appellant filed a motion for a new trial. Appellant asserted that the outcome of the Pennsylvania lawsuit was newly discovered evidence, and attached a copy of the judgment from the Pennsylvania court. The trial court denied the motion for a new trial.
Appellant appealed from the journal entry of divorce on August 18, 1999, and from the denial of the motion for a new trial on October 4, 1999. On December 6, 1999, appellant moved to remand the case to the trial court to correct the journal entry of divorce. The magistrate's report and appellee's proposed judgment entry, which was approved by the court, stated that appellant was responsible for all debts he has incurred since the separation. The final divorce judgment entry, also prepared by appellee, stated all other debts and obligations including those he has incurred since the parties' separation. This court denied the motion on December 17, 1999 and then granted appellant's motion for reconsideration on January 28, 2000. The case was remanded to the trial court until February 28, 2000.
On December 17, 1999, the trial court granted appellant's Civ.R. 60(A), (B)(1) motion. The trial court changed its journal entry to state that appellant would be responsible for all debts he incurred since the separation, and not for any and all other debts of the parties.
On May 25, 2000, the trial court again granted appellant's Civ.R. 60(A),(B)(1) motion. The court also made additional findings of fact that the Pennsylvania court had rendered judgment against the parties in the amount of $52,250; and (2) the $52,250 loan was a loan against appellee's inheritance. The court found that ordering appellee to pay the debt would be ordering her to repay her separate property to herself. Also, given the parties' financial positions and earning abilities, appellant would be responsible for the debt. On May 26, 2000, this court granted temporary jurisdiction on a nunc pro tunc basis to validate the May 25, 2000 judgment entry.
 I.
Appellant's first and second assignment of error in case numbers 76833 and 77049 are interrelated. They state:
 THE TRIAL COURT ERRED IN FAILING TO DISPOSE OF ALL OF THE PARTIES' ASSETS AND LIABILITIES IN ITS DECREE, SPECIFICALLY: THE PARTIES HAD A PENDING LAWSUIT AGAINST THEM WHICH WAS LATER REDUCED TO JUDGMENT IN THE AMOUNT OF $52,500.00 PLUS INTEREST.
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR NEW TRIAL WHICH DEALT WITH THE FAILURE OF THE TRIAL COURT TO DISPOSE OF SAID LIABILITY AFTER JUDGMENT WAS RENDERED AGAINST THE PARTIES.
These assignments of error are moot due to the trial court's judgment entry dated May 25, 2000. This court retroactively granted a remand for the trial court to enter this order. See O'Leary v. Palmer (Feb. 11, 1981), Summit App. No. 9845, unreported.
Accordingly, these assignments of error are overruled as moot.
 II.
Appellant's second assignment of error in case number 78180 states:
 THE TRIAL COURT ERRED BY ISSUING ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW WITHOUT CONDUCTING A HEARING.
The findings of fact made by the trial court in the May 25, 2000 order were essentially the same as the facts found by the magistrate. The only additional fact was that the Pennsylvania Court found that the parties were liable for the debt. Neither party disagreed with the fact that the Pennsylvania court made this ruling.
Appellant contends the trial court should have heard evidence of additional events that happened since the magistrate's hearing. Civ.R. 59 specifically permits a trial court to grant a new trial on all or part of the issues. See Sims v. Rosenblatt (July 31, 2000), Stark App. No. 1999CA00332, unreported. The staff notes regarding the rule provide:
 The final paragraph of Rule 59(A) provides that in an action tried without a jury a court, if a motion for a new trial is made, may take additional testimony or amend its findings and then enter a new judgment. In effect, the rule provides for a partial new trial in a non-jury action so that the complete retaking of testimony may be avoided.
See Prarat v. American Analytical Laboratories, Inc. (Jan. 27, 1993), Summit App. No. 15715, unreported. A partial new trial can be granted if the issue to be retried is distinct and separable from the other issues, and trial of that issue alone may be had without injustice. Decker v. Bayless (1991), 71 Ohio App.3d 709.
In this case, the issue of dividing the $52,250 debt was separable from the rest of the issues in the case. The only new evidence was the fact that the Pennsylvania court ordered the parties to pay the debt. A re-hearing of all the evidence in the case was not required. Appellant has not stated what other newly discovered evidence must be heard, and whether it would affect the judgment. See Douglas Electric Corp. v. Grace (1990), 70 Ohio App.3d 7. Additionally, it is the exception, rather than the rule, that a new trial can be based on events occurring subsequent to trial. See Schwenk v. Schwenk (1982), 2 Ohio App.3d 250; Marksbury v. Marksbury (1989), 46 Ohio App.3d 17.
The trial court's judgment entry could also be viewed as correcting an error pursuant to Civ.R. 60(B). The court was correcting its failure to divide a debt.
The trial court did not err in failing to hear additional evidence relating to the $52,250 debt.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error in case numbers 76833 and 77049 states:
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT THERE WAS A DE FACTO END OF THE MARRIAGE IN ACCORDANCE WITH SECTION 3105.171(A)(2) OF THE OHIO REVISED CODE AS OF JULY 13, 1996 WHEN PLAINTIFF-APPELLEE, WHILE DEFENDANT-APPELLANT WAS OUT OF TOWN AND WITHOUT DEFENDANT-APPELLANT'S KNOWLEDGE OR CONSENT MOVED FROM THE STATE OF OHIO TO THE STATE OF FLORIDA.
The date of termination of the marriage is usually the date of the final hearing. R.C. 3105.171(A)(2). The court may determine that the date of the final hearing would be inequitable, and the marriage de facto terminated at an earlier time. R.C. 3105.171(A)(2); see, also, Berish v. Berish (1982), 69 Ohio St.2d 318. The court's decision whether or not to use a de facto termination date is subject to an abuse of discretion standard of review. Gullia v. Gullia (1994), 93 Ohio App.3d 653, 666; Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 785.
The trial court may find a de facto termination date if one party leaves the marital home, the parties have separate bank accounts and business activities, the parties are separated for six years, and a substantial amount of assets are accumulated during the separation. See Gullia, supra. The mere fact of separation does not require a finding of a de facto date of termination. See Kindred v. Kindred (July 1, 1999), Cuyahoga App. No. 73858, unreported; Reese v. Reese (May 22, 1997), Cuyahoga App. No. 71336, unreported.
In this case, the parties lived separately, but they still had joint credit cards. Appellant accumulated substantial debts on these cards after the separation. There was no evidence of a large accumulation of assets during the period of separation. Appellant has not demonstrated that the trial court abused its discretion in using the hearing date as the date of termination of the marriage.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error in case numbers 76833 and 77049 states:
 THE TRIAL COURT ERRED IN FAILING TO EQUITABLY DIVIDE THE PARTIES' ASSETS AND LIABILITIES AND ERRED IN FAILING TO MAKE ANY FINDINGS AS TO WHY THERE WAS NOT AN EQUITABLE DIVISION OF ASSETS AND LIABILITIES AS REQUIRED BY SECTION 3105.17.1 OF THE OHIO REVISED CODE.
Appellant contends the property division was inequitable because the trial court ordered appellant to pay spousal support in the form of attorney fees in the amount of $35,000 and a temporary support arrearage of $16,320.00 from the proceeds of the marital home. The trial court could order the spousal support to be paid from property division. The fact that these assets must be applied to the support obligation does not mean that appellant did not receive them in the property division. See Buckles v. Buckles (1988), 46 Ohio App.3d 102, 110.
Appellant contends the property division was not equitable because he was ordered to pay most of the marital debt. A property division can only be reversed if the trial court abused its discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. R.C. 3105.171(F)(9) states that the court may consider any relevant factor in dividing property. Disparity in income may be a relevant factor. See Riley v. Riley (May 8, 2000), Butler App. No. CA99-06-107, unreported. The trial court did not abuse its discretion in assigning most of the marital debt to appellant, who had substantial income, when appellee had no prospect of any income.
Accordingly, this assignment of error is overruled.
 V.
Appellant's first assignment of error in case number 78180 states:
 THE TRIAL COURT ERRED BY FAILING TO SET ASIDE THE SHERIFF'S SALE OF APPELLANT'S BOAT. (A) THE EXECUTION SALE WAS INVALID BECAUSE APPELLANT WAS NOT SERVED WITH THE NOTICE OF THE RIGHT TO A HEARING AS PROVIDED BY R.C. 2329.091(A). (B) THE SALE TO APPELLEE'S ATTORNEY IS ALSO INVALID BECAUSE THE SALE WAS ONLY ADVERTISED ONCE. (C) THE SALE TO APPELLEE'S ATTORNEY IS INVALID BECAUSE THE BOAT WAS NOT SOLD FOR WANT OF BIDDERS.
In the decree of divorce, the court ordered appellant to pay to appellee $35,000 in attorney's fees and $16,320 in temporary support arrearages. Appellee did not receive payment from appellant. Appellee requested the Sheriff to issue a writ of execution on a boat owned jointly by appellant and Marti Todd.
According to the Deputy Sheriff's affidavit, the boat was tagged with a notice of execution on September 30, 1999, which ordered appellant not to remove the boat. When the appraisers went to look at the boat, the boat was gone. Appellee's counsel discovered the new location of the boat, and re-levied on the boat. On October 29, 1999, the boat was tagged again. On October 30, appellant went to the boat and attempted to remove property. He also removed the tag from the boat. The Sheriff arrived and told appellant to leave.
The boat was advertised for sale in the Daily Legal News. An affidavit of appellant's attorney stated that the advertisement only ran once, on November 9, 1999. This affidavit also stated that a notice of the sale date was sent to Sailing, Inc., where the boat was located.
The sale took place on November 19, 1999. No bidders appeared. Appellant's attorney was present. Dina DiCenzo wanted to bid on the boat, but she was five minutes late. After the bidding was closed, the Sheriff offered to sell the boat to appellee's attorney for the minimum bid price of $21,334. The minimum bid price would be applied against the $35,000 in attorney fees owed by appellant.
Appellant contends the sale should be set aside because the writ was not served upon him in accordance with R.C. 2329.091. R.C. 2329.091(A) states:
 When a judgment creditor files a praecipe for a writ of execution . . . the clerk shall issue a writ of execution to the levying officer and cause a notice and a hearing request form to be served upon the judgment debtor. The court, in accordance with division (E) of this section, shall appoint a levying officer who shall immediately and simultaneously execute the writ of execution and serve the notice and the hearing request form upon the judgment debtor. If the levying officer is unable to obtain personal service upon the judgment debtor, the levying officer shall serve the notice and hearing request form upon the judgment debtor by both certified mail and regular mail at the judgment debtor's last known address.
The file contains such a notice to appellant, signed by the Deputy Clerk and by Deputy Sheriff John Clark. The notice does not list a date of service. Neither appellant nor his attorney averred that appellant was not served with notice. No evidence supported appellant's claim that he was not served with notice. Additionally, the facts indicate that appellant had notice that the boat was being levied upon.
Appellant contends that public notice of the sale was not given in accordance with R.C. 2329.13. R.C. 2329.13(A)(2)(a) states:
 Subject to division (A)(2)(b) of this section, the officer who levies upon the goods and chattels gives public notice of the date, time, and place of the sale for at least ten days before the day of sale by advertisementin a newspaper published in and of general circulation in the county.
Appellant contends this section required publication for ten days in a row before the date of sale. R.C. 2329.13(A)(2)(b) requires that when goods or inventory used in connection with a trade or business are sold to satisfy a judgment for delinquent taxes, three notices must be published. If business property must be advertised only three times, it is unreasonable to read section 2(a) as requiring a sale of personal goods to be published ten times. A reasonable reading of the statute requires that notice only be published once, at least ten days before sale. Thus, the sale did not violate R.C. 2329.13.
Appellant contends that the sale to appellee's attorney after the close of the bidding violated R.C. 2329.14. R.C. 2329.14 states that if there are no bidders, the plaintiff may have another execution issued directing the sale of the goods. Appellee was not required to attempt another sale. Appellant points to no other authority that would prohibit the sale to appellee's attorney.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
TIMOTHY E. McMONAGLE, J., AND JAMES M. PORTER, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE