OPINION
{¶ 1} Plaintiff, Dirk Roemmich, appeals from an order of the domestic relations court denying his motion for relief from judgment.
 {¶ 2} Dirk and Ernestina Roemmich were married in Texas on July 29, 2000. They subsequently moved to Greene County. No *Page 2 
children were born of the marriage. On June 26, 2006, Dirk[1]
commenced an action for divorce, alleging incompatibility and gross neglect of duty. On July 28, 2006, Ernestina filed an answer and counterclaim, alleging incompatibility, gross neglect of duty, and extreme cruelty. On August 21, 2006, the court ordered Dirk to pay Ernestina $875 per month in temporary spousal support, beginning July 28, 2006.
 {¶ 3} The parties filed pre-trial statements and a final hearing was scheduled for January 8, 2007. On the day of the final hearing, the parties, through their attorneys, read an agreement into the record. On March 29, 2007, the trial court granted a Final Judgment and Decree of Divorce which had been submitted and approved by counsel for both parties.
 {¶ 4} On April 11, 2007, Dirk, proceeding pro se, filed a motion to correct the final judgment and decree of divorce. He stated that he did not review or concur with the final judgment and decree that was presented to the trial court for signature by the parties' respective counsel. According to Dirk, the attorneys made "blatant errors" in translating the transcript from the January 8, 2007 hearing into the final decree that was signed by the trial court. On April 24, 2007, *Page 3 
Dirk's counsel filed a motion to withdraw as his counsel of record. The trial court granted the motion to withdraw.
 {¶ 5} Dirk's motion to correct the final judgment and decree was referred to a magistrate. On November 1, 2007, the court adopted the magistrate's decision denying the motion. Per Civ. R. 53(D)(3)(b)(i), Dirk had fourteen days thereafter within which to file objections to the magistrate's decision. Dirk filed no objections. Instead, on November 19, 2007, Dirk filed a notice of appeal from both the final judgment and decree of divorce of March 29, 2007, and from the judgment filed November 1, 2007, denying Dirk's motion.
 {¶ 6} App. R. 4(A) provides that a notice of appeal must be filed within thirty days after journalization of the final judgment or order from which the appeal is taken, so long as Civ. R. 58(B) governing service of the final order or judgment is also satisfied. The summary of docket and journal entries demonstrates that Civ. R. 58(B) was satisfied with respect to the final judgment and decree of divorce filed on March 29, 2007. (Dkt. 31, 32.) Therefore, the notice of appeal from that judgment and decree that Dirk filed on November 19, 2007 was untimely, and we lack jurisdiction to review any error in that judgment that Dirk assigns on appeal. Kaplysh v. Takieddine (1988), 35 Ohio St.3d 170. We do not likewise lack *Page 4 
jurisdiction to review any error in the judgment of November 1, 2007, denying Dirk's motion, because the notice of appeal from that judgment Dirk filed on November 19, 2007, was timely filed.
 {¶ 7} On appeal, Dirk argues that the judgment and decree of divorce varies in several material respects from the agreement the parties read into the record on January 8, 2007. We construe Dirk's contention to be that, therefore, the trial court abused its discretion when it denied his motion. The court construed the motion to be a claim for Civ. R. 60(B) relief. We agree that it was.
 {¶ 8} Dirk filed no objections to the decision of the magistrate denying his motion. Civ. R. 53(D)(3)(b)(iv) states:
 {¶ 9} "Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."
 {¶ 10} Because Dirk failed to file objections to the magistrate's decision, he has waived all but plain error in *Page 5 
the court's adoption of the decision. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, syllabus.
 {¶ 11} In order to determine whether the trial court committed plain error, we must first determine whether Dirk satisfied the threshold requirements of Civ. R. 60(B). "To prevail on his motion under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150-51 (citations omitted).
 {¶ 12} Dirk's motion was made within a reasonable time, and *Page 6 
on the allegations in his motion Dirk demonstrated the ground of mistake pursuant to Civ. R. 60(B)(1). Further, he demonstrated a meritorious defense, because if the divorce decree did not accurately reflect the parties' agreement that was read into the record at the January 18, 2007 hearing, Dirk did not waive his right to offer evidence relevant to the issues involved. Therefore, Dirk has met the threshold requirements of Civ. R. 60(B). GTE Automatic Electric, Inc.
 {¶ 13} Next, we must determine whether the errors complained of meet the high "plain error" standard applicable to civil cases.Goldfuss. Dirk argues that the divorce decree changed the agreement the parties had made with regard to spousal support. We agree.
 {¶ 14} Although the transcript from the hearing is less than a model of clarity on certain issues, the transcript is very clear with regard to the spousal support agreement. At the time of the hearing on January 8, 2007, Dirk had been paying temporary spousal support since July of 2006 in a monthly amount of $875. At the hearing, Dirk agreed to pay an additional 18 months of spousal support, beginning on February 1, 2007, at the rate of $975 per month. (Tr. 12-14, 17.) Further, the parties agreed that the spousal support would be for a fixed term and amount, and that the trial court would *Page 7 
not exercise continuing jurisdiction over the spousal support issue. (Tr. 15.)
 {¶ 15} Despite the agreement at the formal hearing, the trial court made the following order in the divorce decree with regard to spousal support:
 {¶ 16} "Husband shall pay spousal support to wife in the amount of ONE THOUSAND THREE HUNDRED DOLLARS ($1,300.00) per month, for 18 months, commencing August 1, 2006, for a total of $23,400.00 and shall end upon the death of the wife, death of the husband, re-marriage of the wife, wife's co-habitation with an unrelated person who contributed to her income in accordance with Perri v. Perri (1992) 79 Ohio App.3d 845, 608 NE2nd, or 18 months, whichever first occurs.
 {¶ 17} "Husband shall pay spousal support directly to wife. Husband can extend the spousal support payments over 24 months to coincide with his pay periods.
 {¶ 18} "The Court retains jurisdiction over the issue of the amount of spousal support and not the length of the spousal support and may modify the amount or terms of the spousal support order upon the change of circumstances of a party,. . . ." (Dkt. 31.)
 {¶ 19} Comparing the divorce decree with the transcript from the final hearing, it is clear that substantial changes *Page 8 
were made to the agreement of the parties relating to Dirk's spousal support obligation. The monthly amount of the eighteen month spousal support obligation was increased from the $975 that was agreed to $1300.00. Also, the beginning date for the spousal support obligation was changed retroactively from February of 2007 to August of 2006, months before the final judgment and decree was entered and while a temporary support order was yet in effect. R.C. 3105.18(B), which addresses awards of spousal support, contemplates a clear distinction between pre-decree temporary spousal support and post-decree spousal support. A post-decree award may not be used to retroactively increase an amount of temporary support ordered. The term of Dirk's monthly obligation is also confused by the provision that he may pay it over twenty four months instead of the eighteen months the court ordered. Also, the court retained jurisdiction to modify the support award during its term, contrary to the agreement the parties made.
 {¶ 20} Overall, the divorce decree substantially altered the spousal support obligations to which both parties had agreed. The retroactive order of an amount greater than Dirk's temporary support payments creates an immediate arrearage, and Dirk may be unable to pay $1,300.00 per month. *Page 9 
We believe such a situation "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."Goldfuss. As such, the trial court committed plain error when it overruled Dirk's Civ. R. 60 motion with respect to the spousal support ordered. Therefore, Dirk's assignment of error relating to spousal support is sustained. On remand, the trial court should vacate its spousal support award and order an amount and term for support that accurately reflects the spousal support agreement read into the record at the January 8, 2007 hearing.
 {¶ 21} Dirk also argues that the divorce decree contains errors with regard to the payment of credit cards, the division of his retirement benefits, and the requirement of life insurance. Based on our review of the record, however, Dirk has failed to show that the trial court erred in this regard and how he has suffered any prejudice from any alleged error. Therefore, he has not carried the heavy burden of showing plain error and the remainder of his assignment of error is overruled.
 {¶ 22} The judgment of the trial court will be reversed, in part, and affirmed, in part. The cause is remanded for further proceedings consistent with this Opinion. *Page 10 
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Dirk A. Roemmich Gary C. Schaengold, Esq. Hon. Steven L. Hurley
[1] For clarity and convenience, the parties are identified by their first names. *Page 1